UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

KERRY A. JONES

CRIMINAL ACTION

NO: 05-0198

SECTION: "S"

CA 07-5401

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Kerry A. Jones motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, is **DENIED**. (Document # 57.)

### I. BACKGROUND

Pursuant to a plea agreement, on August 10, 2005, Kerry A. Jones, pleaded guilty to making a false claim against the United States, 18 U.S.C. § 287. Count one of the bill of information charged Jones with filing a false tax refund claim in the amount of $12,497. Jones admitted to Special Agents of the Internal Revenue Service that he prepared several false federal income tax returns on behalf of taxpayers and electronically submitted them to the Internal Revenue Service. Fraudulent claims for tax refunds were paid in the amount of $123,654.

On August 30, 2006, the court sentenced Jones to a term of imprisonment of 37 months and a one-year term of supervised release. The court ordered the defendant to make restitution to the United States Internal Revenue Service in the amount of $123,654. Jones did not file a

direct appeal.

On December 10, 2007, Jones filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Jones contends that the amount of restitution exceeds the statutory maximum; the amount of restitution includes funds recovered by the Internal Revenue Service from taxpayers; and he was deprived of effective assistance of counsel in the following respects: counsel failed to challenge the amount of restitution at sentencing, appeal the restitution order, and pursue a plea agreement for a lesser offense.

## II. DISCUSSION

**A. Knowing and voluntary waiver of right to challenge in a § 2255 motion**

The government argues that Jones waived his right to challenge his sentence in any postconviction proceeding. Jones does not address the waiver of his rights at rearraignment and in his written plea agreement.

"A defendant may, as part of a valid plea agreement, waive his statutory right to appeal his sentence on direct appeal and under 28 U.S.C. § 2255, if the waiver is knowing and voluntary." United States v. Brady, 211 F.3d 593 (5th Cir. 2000). The plea agreement will be upheld if the record indicates that the defendant read and understood it and that he raised no question regarding the waiver-of-appeal provision. Id.

The pleas agreement, which is part of the record, reflects that Jones knowingly and voluntarily waived the right to appeal his sentence on direct appeal and in a § 2255 motion as follows:

Except as otherwise provided in this paragraph, the defendant hereby expressly

2

> waives the right to appeal his sentence on any ground, including but not limited to any appeal right conferred by Title 18, United States Code, Section 3742 on the defendant, and the defendant further agrees not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255. The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum.

At rearraignment, the government summarized the plea agreement, and Jones acknowledged to the court and attested that he understood that he was waiving his right to appeal, except under the limited circumstances outlined in the plea agreement, and approved his plea. The waiver was not rendered invalid because Jones did not know the extent of the restitution he would be ordered to pay. See Brady, 211 F.3d at 593. Accordingly, the court finds that Jones fully understood the waiver of his right to appeal and the waiver of his right to file postconviction motions when his plea was accepted.

### B. Ineffective assistance of counsel

Jones contends that counsel was ineffective in failing to challenge the amount of restitution at sentencing and on appeal and to pursue a plea agreement for a lesser offense.

"[A]n ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself." United States v. White, 307 F.3d 336, 343 (5th Cir. 2002). Ineffective assistance of counsel claims are not generally excepted from the general rule allowing defendants to waive their statutory rights in order to reach a plea agreement if they wish. Id. If the plea or waiver itself was knowing and voluntary and the issue challenged on appeal is properly subject to waiver, "the guilty plea sustains the conviction and sentence and the waiver can be enforced." Id. at 343-44.

Jones's claims of ineffective assistance of counsel do not include a claim that the waiver in his plea agreement was unknowing or involuntary. Accordingly, Jones's plea required him to forego his right to challenge his conviction and sentence on direct appeal and in a § 2255 motion. Jones signed the plea agreement and acknowledged it in open court knowingly and voluntarily. The issue of ineffective assistance of counsel is subject to waiver, and his waiver cannot be evaded.

### C. Credit for time served

Jones argues that he is entitled to receive credit toward his federal sentence for the time he served in federal custody during these proceedings. Jones may not raise this issue in a § 2255 proceeding. "Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence." Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001). "Section 2241 is correctly used to attack the manner in which a sentence is executed." Id. A § 2241 petition must be filed in the same district where the prisoner is incarcerated. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). Because Jones is not incarcerated in the Eastern District of Louisiana, the court may not address the manner in which his sentence is being carried out.

New Orleans, Louisiana, this 13th day of May, 2008.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE